UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KY SENGDARA,

                    Petitioner,

       v.

BRUCE SCOTT, *et al.*,

                    Respondents.

Case No. C26-1289-MLP

ORDER

Petitioner Ky Sengdara, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. # 1.) The petition was supported by declarations by Petitioner's counsel, Matthew B. Hayes (dkt. # 2), and Professor Thao Ha, Ph.D. (dkt. # 3). Respondents filed a return (dkt. # 9), supported by a declaration by ICE Deportation Officer Harold Britt Jr. (dkt. # 10), and Petitioner filed a traverse (dkt. # 11). Petitioner was released from detention shortly thereafter. (*See* dkt. # 12.) Having considered the parties' submissions and the governing law, the Court DENIES the petition (dkt. # 1).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 6.)

ORDER - 1

# I.    BACKGROUND

Petitioner, who was born in Laos, entered the United States in 1981 as a child refugee and became a lawful permanent resident. (Dkt. # 1, ¶¶ 19-21; Britt Decl., ¶¶ 3-4.) In 1999, he was convicted of possession of methamphetamine with intent to deliver, served 18 months, and was then transferred to immigration custody. (Dkt. # 1, ¶ 25; Britt Decl., ¶ 5(c).) Based on the 1999 conviction, Petitioner was issued a Notice to Appear ("NTA") and was ordered removed to Laos in 2000. (Dkt. # 1, ¶ 26; Hayes Decl., ¶ 4, Ex. C; Britt Decl., ¶¶ 6-7.) Because Laos was not issuing travel documents, he was released on an Order of Supervision ("OSUP") after approximately three months of immigration detention. (Hayes Decl., ¶ 12, Ex. K at 3; Britt Decl., ¶ 7.) During the next 25 years, Petitioner complied with all conditions imposed by the OSUP, married a United States citizen with whom he had four children and three grandchildren and purchased a home, maintained employment as a licensed commercial truck driver, and served as caretaker for his wife and his minor son. (Dkt. # 1, ¶¶ 28-36.)

On March 3, 2026, Petitioner reported to the ICE Seattle Field Office for a scheduled appointment and was redetained. (Dkt. # 1, ¶¶ 37-38.) ICE revoked his OSUP "based on a travel document for Petitioner issued by Laos" and transported him to the Northwest ICE Processing Center in Tacoma, Washington. (Britt Decl., ¶ 8.)

On March 18, 2026, a Washington State Court found Petitioner's 1999 conviction constitutionally defective and vacated it with prejudice. (Dkt. # 1, ¶ 42; Britt Decl., ¶ 9.) On March 20, 2026, Petitioner filed a motion to reopen immigration proceedings. (Dkt. # 1, ¶¶ 43-46; Britt Decl., ¶ 10.) On March 23, 2026, an immigration judge ("IJ") granted a stay of removal pending determination of the motion. (Hayes Decl., Ex. J.)

ORDER - 2

On April 10, 2026, the IJ granted the motion to reopen, finding the Washington State Court "vacated the 1999 conviction that was the basis of the removal order," and such action was "effective for immigration purposes." (Hayes Decl., Ex. K at 3-4.) The IJ found that the "nullification of [Petitioner's] conviction deprives his removal of a legal basis" and ordered the removal order "vacated." (*Id.* at 4, 7 (capitalization omitted).) Any appeal was due by May 11, 2026. (*Id.* at 7.)

On April 14, 2026, Petitioner filed the instant petition before this Court, asserting that redetention violated his procedural due process rights and that his detention had become indefinite because the IJ had vacated his removal order, thus restoring his lawful permanent resident status. (Dkt. # 1.) Petitioner requested in his petition that he be immediately released from custody and that Respondents be enjoined from redetaining him without first obtaining a valid removal order and providing him with advance notice and a hearing before this Court. (*Id.* at 26-27.)

On April 15, 2026, Petitioner filed a motion to terminate immigration proceedings. (Britt Decl., ¶ 13.)

On April 29, 2026, Respondents filed their return in this action, asserting that the petition should be denied despite the reopening of proceedings and Petitioner's "unopposed" motion to terminate. (Dkt. # 9 at 1-2, 6.) They argued that the "removal order has not been vacated" and "removal to Laos is now a realistic prospect in the reasonably foreseeable future." (*Id.* at 6; *but see Bonilla v. Lynch*, 840 F.3d 575, 589 (9th Cir. 2016) ("a grant of a motion to reopen vacates the final order of deportation") (citation omitted).)

On May 2, 2026, Petitioner filed his traverse, arguing that because the removal order had been vacated and he was no longer subject to any removal charges, his detention was illegal.

ORDER - 3

(Dkt. # 11 at 2.) Petitioner requested the Court order immediate release, find redetention violated his substantive and procedural due process rights, and enjoin future redetention without a valid removal order and advance notice and hearing. (*Id.* at 6.)

On May 4, 2026, the IJ granted Petitioner's opposed motion to terminate removal proceedings, without prejudice, because he was "no longer removable as charged" and the government "failed to submit any additional charges of removal." (Dkt. # 12-1 at 2.) The government reserved the right to appeal but the record before this Court does not reflect any appeal. (*Id.* at 3.) On May 7, 2026, Petitioner provided a copy of the IJ's order to this Court and reported that he had been released from the Northwest ICE Processing Center. (Dkt. # 12 at 2.) Petitioner asserted in his submission that his release did not moot his petition and that he intended to file motions for Rule 11 sanctions and for attorney's fees. (*Id.*) To date, Petitioner has not filed a motion.

## II.    DISCUSSION

### A.    Legal Standards

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before

ORDER - 4

the federal government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1972).

Even where an initial constitutional violation has been established, to obtain a permanent injunction a party must show "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

**B.      Analysis**

Petitioner's claim for immediate release is moot as he has now been released from custody. (*See* dkt. # 12.) Although he requests a permanent injunction limiting future redetention, he has not offered any argument or evidence showing a cognizable danger of recurrent detention, nor has he addressed the necessary factors for a permanent injunction. (*See* dkt. ## 1, 11.) Accordingly, the Court denies Petitioner's request for injunctive relief.

**III.      CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1).

Dated this 5th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5